**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

United States of America,

Plaintiff,

v.

Samuel Okoroma Warmate (1),

Defendant.

Crim. No. 18-272 (ADM/BRT)

**ORDER**

---

Amber M. Brennan, Esq., United States Attorney's Office, counsel for Plaintiff.

Paul Applebaum, Esq., Applebaum Law Firm, and Kyle David White, Esq., Office of Kyle White, counsel for Defendant Warmate.

---

This action came on for hearing before the Court on March 6, 2019, at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101. Defendant Samuel Okoroma Warmate presented various pretrial motions, and the Government presented a motion for discovery. Based on the file and documents contained herein, along with the memoranda and arguments of counsel, the Court makes the following Order:

**1.      The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2.** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b). The Government also seeks disclosure of any alibi by the Defendant pursuant to Fed. R. Crim. P. 12.1, and all witness statements pursuant to Fed. R. Crim. P. 26.2. In addition, the

Government seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.2, if Defendant intends to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or any other mental condition of the Defendant bearing on the issue of guilt. The Government also seeks notice pursuant to Fed. R. Crim. P. 12.3, if Defendant intends to rely upon the defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense. Defendant has filed no objection to the motion. Therefore, Defendant is hereby ordered to comply with the discovery and disclosure obligations under the aforementioned rules**.** The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 **(Doc. No. 22)** is **GRANTED**.

2.      **Defendant's Motion to Dismiss the Indictment.** Defendant moved to dismiss the indictment on the grounds that the indictment is based on inaccurate or false testimony that was presented during the grand jury proceedings. At the hearing, Defendant withdrew his motion. Therefore, Defendant's Motion to Dismiss the Indictment **(Doc. No. 29)** is **WITHDRAWN**.

3.      **Defendant's Motion to Suppress Evidence Obtained through Illegal Search and Seizure.** Defendant moves to suppress any physical evidence obtained as a result of the search of Defendant's office located at a certain address in Roseville, MN. At the hearing, the Government introduced the search warrant materials as Exhibit 1, but did not call any live witnesses. The Court requested post-hearing briefing on this motion. Defendant shall file his post-hearing brief on the issues raised in his suppression motion

no later than **March 15, 2019**, and the Government shall file its response by **March 22, 2019**. The Court will take Defendant's Motion to Suppress Evidence Obtained through Illegal Search and Seizure **(Doc. No. 30)** under advisement on **March 22, 2019**, and issue a **Report and Recommendation** to the District Court.

4. **Defendant's Motion for Suppression of Statements by Defendant.**

Defendant moves for an order directing the Government to disclose any statements or confessions obtained from him, and to provide him with a pre-trial evidentiary hearing so that he can then determine whether the statements or evidence were obtained in violation of his constitutional rights. The Government represents that it has not obtained any statements or admissions from Defendant. Based on the Government's representation, Defendant's Motion for Suppression of Statements by Defendant **(Doc. No. 31)** is **DENIED AS MOOT**.

5. **Defendant's Motion for Disclosure of Impeaching Information and for Disclosure of Exculpatory Evidence.** Defendant moves, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, for an order compelling the Government to disclose all evidence favorable to him. The Government states that it has complied and will continue to comply with its obligations under *Brady* and *Giglio v. United States*, 405 U.S. 150, 154–55 (1972). Defendant's Motion for Disclosure of Impeaching Information and for Disclosure of Exculpatory Evidence **(Doc. No. 32)** is **GRANTED** to the extent required by *Brady* and its progeny.

**6.      Defendant's Motion for Discovery of Rule 16(a)(1)(G) Evidence.**

Defendant seeks an order requiring the Government to disclose expert witness information and a written summary of all expert testimony the Government intends to use at trial, and to make such disclosure "forthwith." The Government does not object to Defendant's motion. Defendant's Motion for Discovery of Rule 16(a)(1)(G) Evidence **(Doc. No. 33)** is **GRANTED** to the extent that it conforms to the scope of Rule 16. Expert-witness information shall be disclosed at least **fourteen days** prior to trial.

**7.      Defendant's Motion for Early Disclosure of Jencks Act Material.**

Defendant moves for an order requiring the Government's early compliance with the Jencks Act, 18 U.S.C. § 3500, specifically requesting an "early production" of Jencks Act material before trial. The Government states that it has already provided Defendant with the vast majority of Jencks Act material in its possession, and it otherwise objects to this motion on the grounds that it is not required to disclose Jencks Act material until after the witness has testified. Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Early Disclosure of Jencks Act Material **(Doc. No. 34)** is **DENIED** to the extent that it is not moot. Nothing in this Order, however, precludes the Government from disclosing any additional Jencks Act material **fourteen days** prior to trial as it has represented it intends to do.

**8.      Defendant's Motion for Disclosure of Grand Jury Transcripts.**

Defendant moves for pretrial disclosure of minutes of the grand jury and the grand jury transcripts of any witness that the Government intends to call at the motion hearing and/or at trial. Defendant also requests disclosure of the grand jury transcript and minutes relating to the testimony of any witnesses who testified before the grand jury and whom the Government does not expect to call as witnesses at trial, if such testimony may be inconsistent with statements by any other witness or said witness. In addition, Defendant requests disclosure of any statements made by individuals who did not testify before the grand jury, whether or not the Government intends to call the individuals as witnesses at trial, and whose statements are inconsistent with grand jury witness testimony. Defendant requests the Court conduct an *in camera* review to determine whether Defendant is entitled to the materials requested. The Government states that it will provide grand jury transcripts as required pursuant to the Jencks Act (and as previously stated, it has agreed to provide such Jencks Act material fourteen days prior to trial). For those witnesses who are not expected to testify, the Government states that it is aware of its obligations under *Brady* and *Giglio* and will continue to comply with those obligations. Defendant's Motion for Disclosure of Grand Jury Transcripts **(Doc. No. 35)** is **GRANTED IN PART** and **DENIED IN PART**. To the extent the Jencks Act precludes disclosure, the motion is denied. However, as stated above, nothing precludes the Government from voluntarily producing the grand jury transcripts of trial witnesses fourteen days before trial, as it has represented it would do. The motion is granted to the extent *Brady* and *Giglio* would require disclosure; the motion is otherwise denied.

**9.      Defendant's Motion to Compel Production of *Giglio* Material.**

Defendant moves pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), for an order

compelling the Government to disclose all information regarding any and all promises

made by the Government to its prosecution witnesses as inducements for their testimony.

The Government states that it has complied and will continue to comply with its

obligations under *Brady* and *Giglio*. Defendant's Motion to Compel Production of *Giglio*

Material (**Doc. No. 36**) is **GRANTED** to the extent required by *Giglio*.

**10.      Defendant's Motion to Compel the Government to Disclose Evidence**

**Favorable to the Defendant.** Defendant moves, pursuant to *Brady v. Maryland*, 373

U.S. 83 (1963), and its progeny, for an order compelling the Government to disclose all

evidence favorable to him. The Government states that it has complied and will continue

to comply with its obligations under *Brady* and *Giglio v. United States*, 405 U.S. 150,

154–55 (1972). Defendant's Motion to Compel the Government to Disclose Evidence

Favorable to the Defendant (**Doc. No. 37**) is **GRANTED** to the extent required by *Brady*,

*Giglio*, and their progeny. The motion is **DENIED** to the extent that the Jencks Act

protects disclosure.

**11.      Defendant's Motion for Pretrial Disclosure of Rule 404 Evidence.**

Defendant moves for immediate disclosure of any "bad act" or "similar course of

conduct" evidence that the Government intends to offer at trial pursuant to Fed. R. Evid.

404(b), and requests identification of the witnesses through whom such evidence will be

presented at trial. The Government represents that it is aware of its obligations and agrees

to give notice under Rule 404(b) no later than seven days before the date the parties'

motions in limine are due. Defendant's Motion for Pretrial Disclosure of Rule 404 Evidence **(Doc. No. 38)** is **GRANTED** to the extent that the Government must disclose Rule 404(b) evidence no later than **twenty-one days** prior to trial. Identification of witnesses shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists.

12. **Defendant's Motion for Government Agents to Retain Rough Notes.** Defendant moves for an order requiring law enforcement agents, including any confidential reliable informants, to retain and preserve all rough notes taken as part of their investigation into this case. The Government does not object to the motion and agrees to instruct its agents to retain rough notes. Defendant's Motion for Government Agents to Retain Rough Notes **(Doc. No. 39)** is **GRANTED**. Disclosure of rough notes is not required by this Order.

13. **Defendant's Motion for Disclosure and Production of Informants and/or Cooperating Witnesses.** Defendant moves for an order to disclose the identity of any informants and cooperating individuals utilized by the Government in this investigation. The Government represents that it did not use any informants during the investigation of this matter, and that it has already disclosed the identities of any witnesses and/or cooperating individuals. Based on the Government's representations, Defendant's Motion for Disclosure and Production of Informants and/or Cooperating Witnesses **(Doc. No. 40)** is **DENIED AS MOOT**.

Date:  March 6, 2019

s/ Becky R. Thorson
BECKY R. THORSON
United States Magistrate Judge